**AFFIRM; and Opinion Filed July 13, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00860-CR

### RICK LEE BATES, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 065131**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Brown
Opinion by Justice Lang-Miers

A jury found appellant Rick Lee Bates guilty of felony driving while intoxicated[1] and the

trial court sentenced him to 35 years in prison. On appeal appellant argues that the evidence is

insufficient to prove that he was intoxicated. We resolve appellant's issue against him and

affirm.

### THE STATE'S EVIDENCE

The State's fact witness at appellant's trial was Michael Anthony Aguirre, the patrol

officer who arrested appellant for driving while intoxicated. Aguirre told the jury that on the

night of the offense, Aguirre's patrol vehicle and appellant's vehicle were traveling in opposite

directions on a two-lane road. Before they passed each other, the right-side wheels of appellant's

---

[1] If it is shown that the person has two prior convictions for driving while intoxicated, the offense of driving while intoxicated is elevated to a third degree felony. TEX. PENAL CODE ANN. § 49.09(b)(2) (West 2011).

vehicle veered off the road into the grass and then back on to the road "with a sudden jerk." Appellant was using his "high-beam" headlights and did not dim them as they passed each other. Aguirre turned his vehicle around and saw appellant's vehicle veer off the road again briefly.

Aguirre initiated a traffic stop and approached appellant's front driver-side window. As Aguirre approached, he saw that appellant was not wearing a seatbelt and smelled a strong odor of alcohol. Appellant's speech was "slurry or slurred" and his eyes were "a little red and glazy." Aguirre asked appellant if he had been drinking. Appellant initially said "no," but later said he had one beer, and eventually said he had two beers. When appellant got out of his vehicle he had a "wet mark" between his legs, which he said was because he "just spilled Coke" on himself. Appellant gave Aguirre consent to search his vehicle. Aguirre did not find an open container of Coke in appellant's vehicle, but he did find an open Coors Light can wedged between appellant's seat and the center console. The can was "refrigerator temperature" and roughly half to three-quarters full. Aguirre asked appellant to give a breath sample. But after at least three attempts, Aguirre concluded that he was unable to obtain an accurate reading from the portable breath test machine because appellant was not exhaling properly.

Aguirre then conducted three standard field sobriety tests: (1) the horizontal gaze nystagmus test, (2) the nine-step walk and turn, and (3) the one-leg stand. Each test provides a certain number of possible signs that the person taking the test is intoxicated. With respect to each test, Aguirre explained in detail for the jury how and why it was conducted, and how appellant performed. In the first test, appellant exhibited six out of six possible signs of intoxication. In the second test, appellant exhibited five out of eight possible signs of intoxication. And in the third test, appellant exhibited three out of three possible signs of intoxication. Based in part on these tests, Aguirre placed appellant under arrest for driving while intoxicated.

In addition to Aguirre's testimony, the State's other evidence included the video recording of the traffic stop and appellant's field sobriety tests captured by the "body cam" worn on Aguirre's uniform.

**APPLICABLE LAW AND STANDARD OF REVIEW**

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. TEX. PENAL CODE ANN. § 49.04(a) (West Supp. 2015). Under the penal code, the definition of "intoxicated" includes "not having the normal use of mental or physical faculties by reason of the introduction of alcohol[.]" *Id.* § 49.01(2)(A) (West 2011).

When an appellant challenges the sufficiency of the evidence to support a conviction, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Wise v. State,* 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Id.* If the evidence is conflicting, we "'presume that the factfinder resolved the conflicts in favor of the prosecution' and defer to that determination." *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 326 (1979)). This standard is the same for both direct and circumstantial evidence. *Id.*

**ANALYSIS**

Appellant challenges the evidence of his intoxication. More specifically, appellant argues that the evidence was legally insufficient to prove that he was intoxicated for multiple reasons: (1) Aguirre "admitted" that there are other factors (such as fatigue) that can cause nystagmus in the eyes, (2) Aguirre testified that an odor of alcohol and an open container do not prove intoxication, (3) appellant showed some normal use of his faculties because he was able to

"retrieve his documentation while on the phone without dropping or fumbling anything" and he did not stumble when he exited his vehicle, (4) Aguirre did not know "how much, if any" beer appellant had consumed from the open container, and (5) appellant passed the portable breath test four times. We disagree with appellant.

First, appellant mischaracterizes the evidence of his performance on the portable breath test. The evidence does not show that he passed the test. Instead, Aguirre essentially testified that appellant did not breath into the machine in a manner that would allow for an accurate reading. Likewise, we are not persuaded by appellant's other arguments. In the video of the traffic stop, it is apparent that appellant's speech is slurred and that he failed each of the field sobriety tests.

Considering all of the evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that appellant was intoxicated. As a result, we conclude that the evidence is sufficient to support appellant's conviction for driving while intoxicated. *See, e.g.*, *Richter v. State*, 482 S.W.3d 288, 294–95 (Tex. App.—Texarkana 2015, no pet.) (evidence, including videotape, showing defendant's speech was slurred and that she failed field-sobriety tests was sufficient to support finding of intoxication).

## CONCLUSION

We resolve appellant's sole issue against him and affirm.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)

150860F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

RICK LEE BATES, Appellant

No. 05-15-00860-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 065131.
Opinion delivered by Justice Lang-Miers.
Justices Evans and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 13th day of July, 2016.